RAYMOND v. DAVIS

(December 16, 1929. Opinion and Decree.)

Edward Rightor, of New Orleans, attorney for plaintiff, appellee.

Chas. F. Fletchinger, of New Orleans, attorney for defendant, appellant.

JANVIER, J. Defendant, Davis, a general contractor, was induced by his friend, Walker, to bid on certain reinforced concrete work required by the board of commissioners of the Port of New Orleans, which board we will hereinafter, for brevity, call the Dock Board.

Davis, through Walker, solicited from various furnishers of reinforcing steel, including plaintiff, Raymond, bids on the steel bars necessary. Some of the bidders specified in their bids that the steel bars would comply with the specifications of the Dock Board, but Raymond's original bid made no reference to specifications, but merely contained an offer to furnish "45,589 pounds of reinforcing steel bars cut to length as shown on list, which you (Walker) gave me today."

The list referred to made no mention of the fact that approximately 75 per cent of the bars would have to be bent.

This offer was made by Raymond on June 30, 1925. On July 13, 1925, Davis wrote Raymond accepting his bid with the proviso that the steel should comply with the Dock Board's specifications. With this letter Davis sent Raymond blueprints showing that three-fourths of the steel was to be bent. The specifications, a part of which was quoted in Davis' letter, provided that the steel should be billet steel, except that that part of it which was to be used straight might be rail steel. Billet steel is more expensive than rail steel.

On July 16th Raymond wrote to Davis, thanking him for the order, and in his let-

ter inclosed "one copy of straight bar list and bending details." When the steel arrived, all of it that was bent was rejected by the Dock Board on the ground that it was rail steel and not billet steel and therefore did not comply with the specifications. Davis was compelled to secure other steel at a higher price and he was forced to remove and store the rejected steel, as Raymond refused to receive it back.

Raymond brings this suit for the contract price of the entire order ($1,344.45).

Davis concedes his indebtedness for so much of the steel as he used, but contends that, whereas under the contract he was to obtain all the steel for the price mentioned, as a matter of fact he was compelled to pay more for the steel which he bought elsewhere, and was also compelled to pay for freight and for hauling and storage expenses, so that the total cost to him was $1,351.41, or $6.96 more than the contract price which Raymond had made him, and he asks that his right to sue for this sum, to-wit, $6.96, be reserved to him.

The sole question presented is: Did Raymond know or ought he to have known, that 75 per cent of the order must be billet steel?

We are thoroughly convinced of the absolute good faith of both parties. The error was one of those unfortunate ones which, without intentional wrongdoing, result in loss. But, since there was loss, we must determine by whose fault it occurred.

Raymond claims that he was justified in assuming that, since the first list furnished him made no mention of billet steel

or of the fact that some of the steel must be bent, all of it was to be straight and that rail steel would be acceptable.

We find it unnecessary to determine whether or not a copy of the specifications was furnished to Raymond with the first list. Walker says that it was, but Raymond claims that it was not. We are quite convinced that, before the offer was accepted, both the specifications calling for billet steel where bent and the bending details, showing that most of it was to be bent, were in Raymond's possession. Whether he overlooked the requirement of the specifications, or whether he thought he could convince the Dock Board that rail steel was just as good, we are unable to say. All that is important is that, had he carefully read the letter, or had he carefully checked the specifications, he would have seen that rail steel would not do. He was an expert in matters of that kind and his oversight caused the loss. He is therefore responsible for it.

The trial court awarded Raymond judgment for the amount of steel used. If Raymond had been in the right, he would have been entitled to a judgment for the full amount of his contract. Since he was in the wrong, he is liable for the loss caused Davis, which loss was more than Davis owed him. Davis is entitled to his right in this suit to claim as an offset so much of the additional amount spent by him as may be necessary to balance the claim of Raymond.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendant, dismissing plaintiff's suit at his cost.